UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
**CIVIL ACTION NO. 5:05-CV-00101 -R**

JONAS H. MARTIN                                                                                                    PLAINTIFF

VS.                                              **MEMORANDUM OPINION**

CELADON TRUCKING SERVICES, INC.,
and JOHN ZIMMERMAN                                                                                    DEFENDANTS

Defendants have filed a motion for summary judgment. Plaintiff has responded and defendants filed a reply. The matter is ripe.

Both parties correctly note proper standard for review. The issue is whether Kristie Martin's appointment as plaintiff's guardian triggered the commencement of the statute of limitations.

The motor vehicle collision occurred January 31, 2001. Plaintiff filed this claim on May 10, 2005. As a result of his injuries, plaintiff received basic reparation benefits from Kentucky Farm Bureau Insurance. The last payment, which exhausted all no fault benefits, was made May 7, 2002. Kristie Martin was appointed guardian for plaintiff on February 26, 2001 Under Kentucky Revised Statutes § 304.39-230, plaintiff must commence an action no later than two years after the injury, or the death or the last basic or added reparation payment made by an reparation obligor, whichever later occurs.

However, plaintiff also has a saving statute in KRS 413.170(1).

> If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty of forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued."

Defendants primary reply on *Roberts v. George W. Hill & Company*, 113 S.W. 3d 156 (Ky, 203) This was a worker's compensation case. Claimant was 15 years old when he was injured at work. Through his parents, as next friend, suit was filed in Boone Circuit Court. He alleged he had rejected his worker's compensation benefits and sought to recover in common law for negligence. Ultimately, the Court held his exclusive remedy was worker's compensation benefits.

A worker's compensation claim was then filed. The worker's compensation claim was required to be filed within two years after the last payment of voluntary income benefits. The claim was filed outside of that time frame.

However, the worker's compensation statute provided a separate savings provision KRS 342.210.

> No limitation of time provided in this chapter shall run against any person who is mentally incompetent or who is a minor dependent so long as he has no committee, guardian or next friend, or other person authorized to claim compensation for him under KRS 342.160.

The claimant argued that the period of limitations was tolled until his eighteenth birthday under KRS 342.210.

The Court based its decision on KRS 342.210 and stated

> We conclude, therefore, that KRS 342.210 tolled the period of limitations until the appointment of a next friend to act on the claim's behalf or, if no next friend was appointed, until he was *sui juis*. We also conclude, however, that because the claimant's parents were appointed as next friends in order to prosecute the civil action that arose from the same injuries, the period of limitations began to run with respect to the workers' compensation claim at the time of their appointment.

Defendants argue that applying the reasoning of <u>Roberts</u>, plaintiff's statute of limitations began to run upon the appointment of his guardian. Defendants argue KRS 413.170 tolls a cause action until the appointment of a guardian. Therefore, once a guardian was appointed, either

plaintiff or the guardian had to file suit within two years of the last no fault payment, or by May 7, 2004. Defendant argues suit was filed May 10, 2005 and it is barred by the applicable statute of limitations.

The <u>Roberts</u> case is not controlling. The decision in that case was dictated by the plain language of the Workers' Compensation Act KRS 342.210. The statute states the statute of limitations started running upon on the appointment of guardian. There is nothing in the Motor Vehicle Reparations Act or KRS 413.170 similar to the language of KRS 342.210.

KRS 413.170 clearly states an action may be brought within the proper number of years after removal of disability allowed to a person without the disability to bring the action right after the right accrued. Plaintiff could bring this action within two years of removal of his disability. The appointment of a guardian did not alter that right.

The Court makes no finding as to when the plaintiff's disability was removed except to rule that the appointment of a guardian did not remove that disability. Defendants' motion for summary judgment is denied.

cc:     Counsel